

UNITED STATES JUDICIAL PANEL
on
MULTIDISTRICT LITIGATION

IN RE: LUMBER LIQUIDATORS CHINESE-MANUFACTURED
FLOORING PRODUCTS MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION          MDL No. 2627

TRANSFER ORDER

**Before the Panel:**[*] Plaintiffs in an action in the Northern District of California (*Conte*) move under 28 U.S.C. § 1407 to centralize pretrial proceedings in the Northern District of California. These cases concern the sale and marketing of Chinese-manufactured laminate flooring sold by defendant Lumber Liquidators. Despite being marketed as compliant with regulations of the California Air Resources Board and other applicable regulations, plaintiffs allege that their laminate flooring emits illegal and unsafe levels of formaldehyde, a known carcinogen. Plaintiffs' motion included the ten actions listed on Schedule A and pending in seven districts. Since plaintiffs filed this motion, the parties have notified the Panel of 113 potentially related actions filed in various districts.[1]

No party opposes centralization, and the parties have proposed a wide variety of potential transferee districts. Defendants Lumber Liquidators, Inc., Lumber Liquidators Holdings, Inc., Lumber Liquidators Services, LLC, and Lumber Liquidators Leasing, LLC (collectively Lumber Liquidators) suggest centralization in the Eastern District of Virginia. Numerous plaintiffs have responded to the motion, variously suggesting centralization in the following districts: the Central, Eastern and Northern Districts of California, the Northern and Southern Districts of Florida, the Eastern District of Louisiana, the Southern District of Ohio, the District of South Carolina, the Southern District of Texas and the Eastern District of Virginia.

After considering the argument of counsel, we find that the actions in this litigation involve common questions of fact, and that centralization in the Eastern District of Virginia will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. All actions involve common factual questions regarding whether Lumber Liquidators falsely represented that its Chinese-manufactured laminate flooring complied with California Air Resources Board standards and other legal requirements governing the emissions of formaldehyde. Centralization will eliminate

---

[*] Judge Marjorie O. Rendell did not participate in the decision of this matter. Additionally, certain Panel members who could be members of the putative classes in this docket have renounced their participation in these classes and have participated in the decision.

[1] These and any other related actions are potential tag-along actions. *See* Panel Rules 1.1(h), 7.1 and 7.2.

- 2 -

duplicative discovery, avoid inconsistent pretrial rulings (including on issues of class certification and *Daubert* motion practice), and conserve the resources of the parties, their counsel and the judiciary.

While this litigation could be centralized in any number of the suggested transferee districts, we are persuaded that the Eastern District of Virginia is an appropriate transferee district for this litigation. Lumber Liquidators is based in this district in Toano, Virginia, and relevant documents and witnesses will likely be found there. At oral argument and in their briefs, some plaintiffs supporting transfer to other districts suggested that this MDL was not suited to the speed of the district's "Rocket Docket." When pressed at oral argument, however, plaintiffs failed to articulate precisely how proceeding at an expeditious pace would prejudice the parties. Centralization in the Eastern District of Virginia allows us to assign this litigation to a district to which we have transferred relatively few MDLs. Further, centralization allows for the coordination of this litigation with a securities action against Lumber Liquidators that was filed in the Eastern District of Virginia in November 2013, which has grown to include allegations concerning formaldehyde emissions from Chinese-made laminate flooring. *See In re: Lumber Liquidators Holdings, Inc. Securities Litigation*, E.D. Virginia, C.A. No. 4:13-cv-157.

IT IS THEREFORE ORDERED that the actions listed on Schedule A are transferred to the Eastern District of Virginia and, with the consent of that court, assigned to the Honorable Anthony J. Trenga for coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| Charles R. Breyer | Lewis A. Kaplan |
| Ellen Segal Huvelle | R. David Proctor |
| Catherine D. Perry | |

A True Copy, Teste:
Clerk, U.S. District Court
By _____
Deputy Clerk

IN RE: LUMBER LIQUIDATORS CHINESE-MANUFACTURED
FLOORING PRODUCTS MARKETING, SALES PRACTICES
AND PRODUCTS LIABILITY LITIGATION                     MDL No. 2627

## SCHEDULE A

### Central District of California

TYRRELL, ET AL. v. LUMBER LIQUIDATORS, INC., C.A. No. 2:15-01615
HURD, ET AL. v. LUMBER LIQUIDATORS, INC., C.A. No. 5:15-00424

### Northern District of California

BALERO, ET AL. v. LUMBER LIQUIDATORS, INC., C.A. No. 3:15-01005
CONTE, ET AL. v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 3:15-01012
EZOVSKI, ET AL v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 5:15-01074

### Northern District of Florida

CONSTATINE v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 4:15-00130

### Southern District of Florida

BADIAS v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 1:15-20876

### Northern District of Illinois

BLOOMFIELD v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 1:15-01956

### Eastern District of North Carolina

CAIOLA v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 5:15-00094

### Western District of Oklahoma

MARTIN, ET AL. v. LUMBER LIQUIDATORS, INC., ET AL., C.A. No. 5:15-00233